**In re GASOLINE LESSEE DEALERS ANTITRUST LITIGATION.**

No. 396.

Judicial Panel on Multidistrict Litigation.

Oct. 19, 1979.

OPINION AND ORDER

Before MURRAY I. GURFEIN, Chairman, and ANDREW A. CAFFREY *, ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP and ROBERT H. SCHNACKE, Judges of the Panel.

PER CURIAM.

Presently before the Panel are eight actions pending in two federal districts, six in the Western District of Missouri and two in the Eastern District of Pennsylvania. Each of the Missouri actions involves the relationship between the operators of Mobil Oil Company (Mobil) gasoline service stations and Mobil. The Pennsylvania actions involve marketing practices between service station operators and fifteen oil companies, including Mobil, that serve as the operators' lessors and suppliers of gasoline.

The Pennsylvania actions, which were filed in 1971, have been consolidated for all purposes. The complaints in these actions allege that fifteen oil companies, in violation of Section 1 of the Sherman Act, since at least 1957 have engaged in concerted conduct to tie the leasing and subleasing of service station sites to the purchase of gasoline [1] supplied solely by each operator's lessor. Plaintiffs seek both damages and injunctive relief.

The Pennsylvania district court recently has certified the actions as class actions on behalf of all lessees of the defendants between May 11, 1967, and December 31, 1977, for the damages claim, and on behalf of all present lessees for injunctive relief.[2] The

---

* Judge Caffrey took no part in the decision of this matter.

1. As originally filed, the Pennsylvania actions "were broad based attacks on the distributive, pricing, leasing and real estate holding practices of the oil industry as related to retail gasoline service station owners, dealers, lessors and operators." *Bogosian v. Gulf Oil Corporation*, 62 F.R.D. 124, 127–28 n. 3 (E.D.Pa.1973). Plaintiffs subsequently limited their claims to

those concerning defendants' sale of gasoline. *Id.* at 127–28.

2. The Pennsylvania court had earlier denied class certification in these actions, *Bogosian v. Gulf Oil Corporation*, 62 F.R.D. 124 (E.D.Pa. 1973), and granted summary judgment in favor of those defendants that had no business dealings with the named plaintiffs, *Bogosian v. Gulf Oil Corporation*, 393 F.Supp. 1046 (E.D.Pa. 1975). The Court of Appeals for the Third

matter of notifying the class members presently is *sub judice.*

The parties in the Pennsylvania actions engaged in substantial discovery concerning the class action allegations, and discovery efforts on the merits have been in progress *for some time.*

The Missouri actions were filed at various times between 1973 and 1976 and are all pending before a single district judge.[3] The complaints in these actions are very similar to one another, and basically allege that since at least 1969 Mobil, the sole defendant in these actions, has, individually and with co-conspirators,[4] pursued, in violation of Section 1 of the Sherman Act, a uniform policy of conditioning the grant of a Mobil service station franchise upon the service station operator's agreement to purchase gasoline and certain other automotive products solely from Mobil. Alternatively, the Missouri plaintiffs claim that Mobil has violated Section 3 of the Clayton Act through a tying arrangement in which gasoline is the tying commodity and the tied commodities are motor oil, lubricants, tires, batteries and automobile accessories. The geographic area covered by each complaint includes the State of Kansas and certain counties located in Missouri and Nebraska (the Kansas City District). Plaintiffs seek both damages and injunctive relief.

Four of the six Missouri actions have been commenced as class actions, and these four actions have been consolidated for the purpose of resolving class action issues. Plaintiffs seek to represent a class[5] that consists of approximately 500 lessee dealers of Mobil who operated Mobil service stations in the Kansas City District during a period from October, 1970, through October, 1978, and in the metropolitan Kansas City area during the period from December 11, 1969, through October, 1978.[6] Although no class determination has yet been rendered, the parties have engaged in extensive discovery concerning class action issues,[7] and

---

Circuit reversed the class action and summary judgment determinations, *Bogosian v. Gulf Oil Corporation,* 561 F.2d 434 (1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1280, 55 L.Ed.2d 791 (1978), and on remand the district court certified the classes described above. The Court of Appeals recently refused to issue a writ of mandamus to the district court for allegedly misconstruing and failing to comply with the appellate court's 1977 opinion.

3. In February, 1979, Mobil moved, pursuant to 28 U.S.C. § 1404(a), to transfer the Missouri actions to the Eastern District of Pennsylvania. The Section 1404(a) motion was denied in March 1979, without prejudice as premature, at least in part because of the pendency of the petition for a writ of mandamus in the Pennsylvania actions. See note 2, *supra.*

4. Although the Missouri plaintiffs in their papers before the Panel do not address the question of the identity of the co-conspirators, the Pennsylvania plaintiffs have argued before us that the Missouri plaintiffs "have made it abundantly clear that [the unnamed co-conspirators do] not include the major oil companies in the horizontal, practically industry-wide conspiracy" alleged in the Pennsylvania actions. A brief prepared by the Missouri plaintiffs for use in the Missouri actions and attached to those plaintiffs' papers before us states in part as follows: "With respect to the claims of plaintiffs in the [Missouri actions], the plaintiffs seek only to recover from Mobil the amount by which they were directly damaged by reason of Mobil's actions. Proof of that arrangement involves only the lessee-dealers and Mobil. It does not involve the activities of any other major oil company."

5. Plaintiffs seek to represent this class only *with respect to plaintiffs' claims* under Section 1 of the Sherman Act.

6. The complaints in the purported Missouri class actions allege that the illegal tying arrangements are evidenced by written agreements and leases between proposed class members and Mobil, and by the general classwide conduct of Mobil.

7. The parties to the Missouri purported class actions have, *inter alia,* taken depositions of all plaintiffs and some of their employees, depositions of Mobil employees in the Kansas City District, and depositions of numerous suppliers of gasoline and the other allegedly tied products in the Kansas City District. Plaintiffs in these actions have also obtained a substantial number of documents from Mobil. Plaintiffs represent that these documents, which are maintained in a document depository in Kansas City, Missouri, "relate not only to the Missouri class action issues, but also to the substantive merits of Missouri plaintiffs' individual and class claims, and many will be utilized at the class action hearing and at trials of the Missouri cases, whether or not a class action is certified."

briefing concerning these issues is scheduled to be completed in October, 1979.

The Missouri plaintiffs have advised the Panel that discovery and other pretrial proceedings in one of the two individual Missouri actions have been "substantially completed," and that "substantial discovery" has been completed in the other non-class Missouri action.

Mobil moves the Panel, pursuant to 28 U.S.C. § 1407, to transfer the Missouri actions to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions pending there. Plaintiffs in the Pennsylvania and Missouri actions, as well as eleven defendants in the Pennsylvania actions, oppose transfer.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of this litigation. Accordingly, we deny the motion to transfer.

Mobil argues that, except for the number of defendants and geographic scope, the Missouri and Pennsylvania actions are nearly identical. Mobil contends that all actions share a number of significant factual questions concerning Mobil's marketing relationship with operators of Mobil service stations, and that discovery and other pretrial proceedings in each of the actions before us will focus on whether Mobil, through an "express contractual tie-in," illegally tied the sale of gasoline to the leasing of service stations.

Mobil concedes that plaintiffs in the Pennsylvania actions will bear the added burden of proving that the "express contractual tie-in" was the product of a horizontal conspiracy, but maintains that the Pennsylvania plaintiffs will simply argue that a horizontal "conspiracy" is to be inferred as a matter of law from the same leases that will be relied upon to establish the illegal tie-in. Thus, Mobil concludes, the vertical-horizontal conspiracy distinction represents merely a difference in overall legal stratagems as applied to a common nexus of facts.

Under these circumstances, Mobil asserts, Section 1407 proceedings are necessary in order to eliminate the possibility of duplicative discovery, prevent inconsistent pretrial rulings, and conserve the time and effort of the parties, the witnesses and the judiciary. The need for transfer is particularly compelling, Mobil maintains, because the class sought in the Missouri actions is subsumed within the classes already certified in the Eastern District of Pennsylvania.

We do not find these arguments convincing. While we recognize that the Missouri and the Pennsylvania actions share some questions of fact concerning Mobil's marketing relationship with operators of Mobil service stations in at least the Kansas City Market, the record before us reveals critical factual and legal disparities between those actions. The vertical-horizontal conspiracy distinction acknowledged by all parties before us is not only a difference in legal theories, but also entails a tremendous, overriding difference in scope. The essence of plaintiffs' claim in the Pennsylvania actions is "that all [fifteen] defendants conspired [on a nationwide basis] to impose tie-in arrangements on each dealer and that without the agreement of all, none could do so successfully." *Bogosian v. Gulf Oil Company, supra,* 561 F.2d at 453. In the Missouri actions, however, the entire claim is that a single defendant, Mobil, imposed a tie-in on Mobil dealers in a relatively limited geographic area to compel the purchase of gasoline and several other diverse products. If transfer were ordered, we are convinced that discovery and other pretrial proceedings concerning the common factual questions would clearly be dwarfed by matters of no interest to the Missouri plaintiffs, and of only minimal interest to Mobil in the context of the Missouri actions. Thus we find that individual rather than common factual questions predominate in the Missouri actions and the Pennsylvania actions.

The significance of the common factual questions is further diminished by the advanced stage of pretrial proceedings in the Missouri and Pennsylvania actions, and by the length of time these actions have been pending. Inclusion of the actions now be-

fore us in coordinated or consolidated pretrial proceedings would, we are convinced, disrupt the orderly progress that is presently being made in the actions in each respective district and would result in no significant benefits to the parties, the witnesses or the judiciary. *See, e. g., In re Magic Marker Securities Litigation,* 470 F.Supp. 862 (Jud.Pan.Mult.Lit.1979); *In re Women's Clothing Antitrust Litigation,* 455 F.Supp. 1388, 1390–91 (Jud.Pan.Mult.Lit.1978).

We emphasize that the parties can easily take steps to coordinate whatever common discovery remains to be accomplished in these actions. For example, notices of a particular deposition could be filed in all actions, thereby making the deposition applicable in each action; the parties could seek to agree upon a stipulation that any past and future discovery relevant to all actions may be used in any action; and any party could seek orders from the two district courts directing the parties to coordinate their remaining common pretrial efforts. *See In re Women's Clothing Antitrust Litigation, supra,* 455 F.Supp. at 1391. *See also Manual for Complex Litigation,* Parts I and II, §§ 3.11 (rev. ed. 1977).

We recognize that some members of the purported class in four of the Missouri actions are included in the classes already certified in the Eastern District of Pennsylvania. We are persuaded, nevertheless, that the circumstances of this particular litigation do not warrant transfer under Section 1407 and that communication and cooperation between the two concerned district courts, if viewed appropriate by those courts, coupled with the cooperation of the parties, would minimize the possibility of conflicting class action or other pretrial rulings. *See In re Royal American Industries, Inc. Securities Litigation,* 407 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1976); *Manual for Complex Litigation, supra,* Part I, § 5.40.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the motion to transfer the actions pending in the Western District of Missouri and listed on the following Schedule A to the Eastern District of Pennsylvania be, and the same hereby is, DENIED.

SCHEDULE A

| Western District of Missouri | Civil Action No. |
|---|---|
| Terry Smith, etc. v. Mobil Oil Corporation | 74CV585–W–4 |
| James C. Higgins v. Mobil Oil Corporation | 75CV398–W–3 |
| William M. Page v. Mobil Oil Corporation | 75CV399–W–2 |
| Williams and Gaines, Inc. v. Mobil Oil Corporation | 75CV682–W–4 |
| Bob S. Ford, etc. v. Mobil Oil Corporation | 73CV289–W–3 |
| Harold Rice v. Mobil Oil Corporation | 76CV469–W–4 |

**Eastern District of Pennsylvania**

| | |
|---|---|
| Paul J. Bogosian, etc. v. Gulf Oil Corporation, et al. | 71–1137 |
| Louis J. Parisi, etc. v. Gulf Oil Corporation, et al. | 71–2543 |